24 A.3d 195

**STATE of Maryland**

v.

**Roxie Austin BROWN.**

**No. 858, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

July 8, 2011.

48

Ryan R. Dietrich (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellant.

Todd K. Mohink, Glen Burnie, MD, for appellee.

Panel: EYLER, JAMES R., KEHOE, and IRMA S. RAKER (Retired, Specially Assigned).

RAKER, J.

The State of Maryland appeals the dismissal of a criminal information by the Circuit Court for Anne Arundel County. The State presents a single question for our review:

"Did the trial court err in finding that Md. Rule 4–202(b) renders a criminal information defective if it is not signed personally by the individual occupying the constitutional position of State's Attorney?"

We shall answer that question in the affirmative and reverse the judgment of the circuit court.

I.

Roxie Austin Brown, appellee, was arrested in Anne Arundel County and charged in district court case number 1 A00214404 with three counts of felony assault, three counts of misdemeanor assault, and one count of reckless endangerment. Apparently noting some problems with the charges, Assistant State's Attorney Jessica Daigle filed in the district court a criminal information, case number 2A00216876, alleging three counts of reckless endangerment. On April 20, 2010, Appellee prayed a jury trial in both cases, and they were transferred to the circuit court for trial. On April 21, 2010, appellee filed an omnibus motion in the circuit court requesting that the charges be dismissed "on the grounds that there are defects in the institution of the prosecution and/or in the charging documents." On June 23, 2010, on the scheduled trial date, the State entered a *nolle prosequi* to all of the counts in case number 1A00214404 and to count 3 of the criminal information filed in case number 2A00216876. Appellee entered a not guilty plea and moved, orally, to dismiss the

criminal information, alleging for the first time that the signature on the information did not comply with Maryland Rule 4–202(b) because it was not signed by *the* State's Attorney but instead it was signed by an assistant state's attorney (ASA). The trial court granted the motion and the State noted this timely appeal.

## II.

■ Both sides argue waiver. The State argues that appellee has waived the argument that a criminal information is valid only if it is signed personally by the person occupying the constitutional position of State's Attorney for several reasons. First, the State argues that appellee did not comply with Maryland Rule 4–252(a)(2), (e). A defect in the charging document must be raised in accordance with Rule 4–252; it must be in writing, unless the court directs otherwise, shall state the grounds upon which it is made, and shall contain a statement of points and citation of authorities. The Rule also requires that the motion alleging a defect in the charging document must be filed within 30 days of the earlier of the appearance of counsel or the first appearance of the defendant before the court. In addition, the State argues that under Rule 4–202(b), a plea to the merits waives any objection that the charging document is not signed, and that appellee entered a plea before she raised an objection to the charging document. Factually, the State argues that appellee, when she first filed her omnibus motion, failed to satisfy Rule 4–252 because she never argued that the information was defective because of the form of the signature and that the motion, when made on the trial date, post-dated the entry of a plea and was not in writing.

Appellee responds with a waiver argument of her own. She argues that the State has not preserved the waiver argument because on June 21, when the oral motion was made, the State never raised Rule 4–252 compliance. Moreover, appellee argues that because the trial court entertained the motion, that the oral motion was sufficient because the trial court exercised

its discretion to consider the motion and the parties addressed the merits of the motion.

Although the State's waiver argument has merit, and appellee did not comply with the requirements of Rule 4–252, so too does appellee's argument that the State did not preserve this argument for appellant review. The State failed to raise this argument at any time in the trial court and hence, has not preserved the issue for our review. We shall address the merits of this appeal.

On the merits, the State argues that when the Rule is viewed in light of the entire Rule scheme, it is clear that the plain language of Rule 4–202(b) permits an ASA to sign a criminal information and does not limit the signature on an information to that of the individual occupying the constitutional position of the State's Attorney. The State refers to Maryland Rule 4–102(k) which defines State's Attorney as "a person authorized to prosecute an offense," in contrast to the definition of State's Attorney set out in Maryland Code (2001, 2008 Repl.Vol., 2010 Cum.Supp.) § 15–101(d) of the Criminal Procedure Article [1], which for purposes of that Article, defines State's Attorney as "the individual holding that office under Article V, § 7 of the Maryland Constitution."

Appellee argues that the trial court was correct in dismissing the information because only the State's Attorney is authorized to sign a criminal information. Appellee relies upon the plain language of the Rule, which states that a criminal information shall be signed by the State's Attorney of the county, unless another person is authorized by law to do so. Inasmuch as there is no other designation provided in Anne Arundel County, an information must be signed by the person occupying the constitutional office of the State's Attorney.

---

1. Unless otherwise noted, all subsequent statutory references herein shall be to the Maryland Code (2001, 2008 Repl.Vol., 2010 Cum.Supp.) Title 15 of the Criminal Procedure Article.

### III.

■   Maryland Rule 4–202(b), regarding signature on charging documents, provides as follows:

"A citation shall be signed by a person authorized by law to do so before it is issued.   An indictment or information shall be signed by the State's Attorney of a county or by any other person authorized by law to do so.   A statement of charges shall be signed by a peace officer or by a judicial officer.   A plea to the merits waives any objection that the charging document is not signed."

Maryland Rule 4–102(k) defines State's Attorney as follows: " 'State's Attorney' means a person authorized to prosecute an offense."

■   To determine whether Ms. Daigle, as an ASA for Anne Arundel County, was "a person authorized to prosecute an offense," as defined in Rule 4–102(k), we look first to the Maryland Constitution, Art. V, § 7, which creates the office of the State's Attorney for each county, and Art. V, § 9, which provides that "[t]he State's Attorney shall perform such duties and receive such salary as shall be prescribed by the General Assembly."   Pursuant to the authority granted by Art. V, § 9 of the Maryland Constitution, the Legislature enacted § 15–102 of the Criminal Procedure Article, which sets out the powers and duties of the State's Attorney as follows:

"Subject to Title 14 of this article, a State's Attorney shall, in the county served by the State's Attorney, prosecute and defend on the part of the State all cases in which the State may be interested."

Maryland courts have noted that the State's Attorney is "vested with the broadest official discretion" to institute and prosecute criminal cases.   *State v. Romulus*, 315 Md. 526, 537, 555 A.2d 494, 499 (1989).   An integral and necessary part of this broad official discretion is the ability to delegate the power and duties of the office of the State's Attorney to persons beyond the individual occupying that constitutional position.   In *State v. Aquilla*, 18 Md.App. 487, 309 A.2d 44 (1973), we noted as follows:

"We think it evident that a State's Attorney generally may assign to his deputies and assistants the performance, subject to his discretion and control, of the duties required of him [or her] by law with respect to the institution and prosecution of criminal actions."

*Id.* at 494, 309 A.2d at 48. We stated essentially the same notion in *Matter of Anderson,* 20 Md.App. 31, 315 A.2d 540 (1974), noting as follows:

"[A] State's Attorney generally may assign to his deputies and assistants the performance, subject to his discretion and control, of the duties required of him by law. *Qui facit per alium facit per se.*"

*Id.* at 49, 315 A.2d at 550 (internal citations omitted).

Simply because the Legislature has authorized the ASAs in some counties to sign criminal informations, *see* §§ 15–402 through 15–424 (formerly Art. 10, § 40), does not mean that the absence of similar language in provisions related to other counties, such as Anne Arundel, leads to the conclusion that those ASAs are without authority to sign criminal informations. In *Aquilla,* 18 Md.App. at 494, 309 A.2d at 48, we noted as follows:

"In authorizing from time to time the appointment of Deputy State's Attorneys and Assistant State's Attorneys for the various counties, [the Legislature] has, as to certain counties, expressly provided that the deputies and assistants shall have the same legal powers as the State's Attorney to represent the State before grand juries. We consider this to be no more than an expression of what is implicit in Code, Art. 10, § 34. The fact that the power is not explicitly given to some counties does not mean that the Deputy State's Attorneys and Assistant State's Attorney of those counties may not be assigned the duty by the State's Attorney of attending on the grand jurors and appearing in the trial of criminal proceedings."

Similarly, in *Goldberg v. State,* 69 Md.App. 702, 519 A.2d 779 (1987), this Court expressed similar views, stating as follows:

"The fact that the General Assembly, by art. 10, section 40, has been explicit in granting certain State's Attorneys the authority to appoint temporary or Special Assistant State's Attorneys, but has not done so in other cases does not mean the State's Attorneys of other counties are not similarly empowered. By analogy to the holding in *Aquilla,* we conclude that the Legislature has merely given explicit recognition under some sub-sections of art 10, section 40 to a power already implicit under art. 10, section 34."

*Id.* at 711, 519 A.2d at 784.

We hold that Ms. Daigle, as an ASA, was a person authorized to sign a criminal information.

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.*